UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

                                               ORDER
                                               07-CR-117 (JG)(KAM)

     - against -

GORDON PICKETT,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
JOHN GLEESON, United States District Judge:

        Gordon Pickett has moved under Federal Rule of Criminal Procedure 41(g) for the return of $90,070.00, which was the subject of an administrative forfeiture action completed on June 19, 2007. Citing a lack of probable cause for the seizure of the funds, Pickett asks that I set aside the order of forfeiture and order the government to provide him with discovery so that he can determine the portion of the forfeited funds that ought to be returned. The government opposes Picket's motion and his request for discovery, arguing that this Court does not have subject matter jurisdiction to set aside a completed administrative forfeiture. I agree with the government; therefore Pickett's motion is denied, the government's motion to dismiss Pickett's motion is granted, and my previous order granting Pickett's request for discovery is vacated.[1]

## DISCUSSION

        A motion to set aside an administrative forfeiture is evaluated pursuant to the Civil Asset Forfeiture Act of 2000 (the "CAFA"), Pub. L. No. 106-185, 114 Stat. 202, *codified in part at* 18 U.S.C. § 983, which states that "[a] motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture

---

[1] I granted Pickett's request for discovery in the first instance, *see* Order as to Gordon Pickett, July 27, 2011.

statute." *Id.* § 983(e)(5). The CAFA applies even if the plaintiff styles his motion as a Rule 41(g) motion, as did Pickett. *See Diaz v. United States*, 517 F.3d 608, 610-11 (2d Cir. 2008); *United States v. McGlory*, 202 F.3d 664, 670 (3d Cir. 2000) ("[A] district court has jurisdiction to consider a claim that a person received inadequate notice of completed administrative forfeiture proceedings, notwithstanding that the claim was styled as a Rule 41(g) motion and filed after criminal proceedings had been completed." (punctuation omitted)).

Pickett argues that I should set aside the forfeiture for two reasons: that (a) he did not have adequate notice of the pendency of the forfeiture proceedings; and (b) the cash was suppressed after a suppression hearing in his criminal case, depriving the government of probable cause to forfeit the funds. Because I find that neither argument has merit, I deny his motion.

A. *Notice*

The CAFA provides for a completed forfeiture action to be set aside where the claimant did not have proper notice that the property was at risk of forfeiture:

> Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1); *see Polanco v. U.S. Drug Enforcement Admin.*, 158 F.3d 647, 651 (2d Cir. 1998); *United States v. One 1987 Jeep Wrangler Auto. VIN # 2BCCL8132HBS12835*, 972 F.2d 472, 479 (2d Cir. 1992).

Although Pickett claims that he did not have notice of the forfeiture action, the government has submitted a Receipt of Notice Letter bearing Pickett's signature. The letter

2

states, "I, Gordon W. Pickett, hereby state that I am in receipt of the personal notice letter, dated February 28, 2007, from the United States Secret Service, Criminal Investigative Division, Asset Forfeiture Section, delivered to me by Special Agent Don Witham on February 28, 2007." Decl. of Agent Don Witham, Docket No. 122 ("Witham Decl."), at 7. Pickett's name is written by hand, and his signature appears above his hand-written name. I have no doubt that Pickett received adequate notice of the pendency of the forfeiture action and of his right to challenge the forfeiture. Accordingly, I cannot set aside the forfeiture on procedural grounds under 18 U.S.C. § 983(e)(1).

B.    *The Merits of the Forfeiture Allegation*

Unlike the procedural issue of notice, which under the CAFA remains reviewable by the federal courts during and after the forfeiture proceeding, the commencement of a forfeiture proceeding generally acts to divest the courts of subject matter jurisdiction to review the merits of the forfeiture action. *Diaz v. United States*, 517 F.3d 608, 610-11 (2d Cir. 2008); *see Mesa Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005) (noting that the court "lack[ed] jurisdiction to review the merits of administrative or nonjudicial forfeiture determinations").

A completed forfeiture action -- in other words, a forfeiture action in which the seized funds have already been distributed within the federal government -- can only be set aside by what would be, in effect, a suit against the United States itself. *Diaz*, 517 F.3d at 611. Such a suit would run afoul of the doctrine of sovereign immunity, "which, absent a waiver, shields the federal government and its agencies from suit." *Id.* Although such a waiver is indeed provided by the CAFA, it is limited solely to notice-based actions under § 983(e)(1). *See* 18 U.S.C. § 983(e)(5); *McKinney v. U.S. Dep't of Justice Drug Enforcement Admin.*, 580 F. Supp. 2d 1, 3-4

3

(D.D.C. 2008). The limitation in § 983(e) is jurisdictional and must be strictly construed. *See S.E.C. v. Credit Bancorp., Ltd.*, 297 F.3d 127, 136 (2d Cir. 2002). Therefore, because an attack on the merits of a forfeiture determination is not an action brought under § 983(e)(1), I do not have subject matter jurisdiction over such a claim. *See United States v. Barrett*, 32 Fed. App'x 612, 613 (2d Cir. 2002) (argument that administrative scheme that gave rise to forfeiture was unconstitutional was outside of the jurisdiction of the court); *Rodriguez v. U.S. Dep't of Justice*, 4 Fed. App'x 104, 106-07 (2d Cir. 2001) (challenge to forfeiture on probable cause ground was outside the court's jurisdiction).

According to the government, the funds seized from Pickett's home have already been disbursed to the United States Treasury, making the United States immune from any non-procedural motion for their return. *See* Witham Decl. ¶ 4. Pickett's argument regarding probable cause is an argument about the merits of the forfeiture action, not about a failure of notice. Accordingly, I do not have subject matter jurisdiction to entertain Pickett's objections to the forfeiture action. Pickett's motion regarding the merits of the forfeiture action must therefore be dismissed.

## CONCLUSION

Pickett's motion to set aside the forfeiture of the funds seized at his residence is denied, the government's motion to dismiss Pickett's motion is granted, and my previous order requiring the government to provide discovery to Pickett is vacated.

So ordered.

JOHN GLEESON, U.S.D.J.

Dated: September 1, 2011
      Brooklyn, New York